SAM GLASSCOCK III
VICE CHANCELLOR

**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: June 5, 2015
Date Decided: June 24, 2015

Michael F. Bonkowski, Esq.
Nicholas J. Brannick, Esq.
Cole Schotz P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801

William M. Kelleher, Esq.
Phillip A. Giordano, Esq.
Gordon, Fournaris & Mammarella, P.A.
1925 Lovering Avenue
Wilmington, DE 19806

John A. Elzufon, Esq.
Elzufon, Austin, Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

Theodore A. Kittila, Esq.
Anthony A. Rickey, Esq.
Greenhill Law Group, LLC
1000 N. West Street, Suite 1200
Wilmington, DE 19801

Re: *Horsey v. Horsey & Sons, Inc. et al.*
Civil Action No. 8972-VCG

Dear Counsel:

This Letter Opinion represents my consideration of the Plaintiff's Motion for Attorneys' Fees and Costs Incurred in Pursuing Summary Judgment on Count I of the Amended Complaint and Count V of the Counterclaim (the "Motion"). The Motion involves the meaning of Section 11 of the Stock Restriction Agreement ("the Agreement") that lies at the heart of this case. The Agreement concerns the rights of the principals in a family business, Horsey & Sons, Inc. (the "Company"). Section 11 of the Agreement provides that "compensation" shall be paid to the principals the Company, including the Plaintiff, and that compensation cannot be

modified or reduced except in situations not pertinent here. Nonetheless, the Defendants caused the Company to stop making compensation payments to the Plaintiff. The Defendants argued in their opposition to the Plaintiff's Motion for Summary Judgment regarding the meaning of Section 11 of the Agreement that "compensation" meant remuneration for work performed and, since the Plaintiff was no longer working for the company, he was not entitled to compensation under Section 11; further, the Defendants argued that the intent of the parties represented in the Agreement was that there be no "compensation" for any individual who ceased working for the family business.

In my Bench Decision of February 24, 2015, I found that the language of Section 11 was unambiguous and required ongoing payment to the Plaintiff. The Plaintiff now seeks shifting of lawyer fees incurred in successfully seeking summary judgment on this limited issue, under the bad faith exception to the American Rule on fees. Under the latter rule, of course, each litigant bears his own fees. In cases of subjective bad faith litigation, the Court has the discretion to shift fees in vindication of its ability to control its docket and in recognition of the unjust effect of vexatious litigation tactics.

The Plaintiff bases his motion on the fact that David Horsey repeatedly testified at deposition that his intent in the Agreement was that Section 11 provide payments to members only if they continued to work with the company. The

Plaintiff notes that another witness, Mr. Braun, who was involved in drafting the Agreement at David's[1] direction, testified that David's intent in including the language limiting reduction of compensation was to protect minority members and provide "salary for life." Obviously, the testimony of Braun and David are inconsistent. From this, the Plaintiff argues strenuously that subjective bad faith has been demonstrated; that the argument that "compensation" meant "salary for work performed" was a sham, a knowing falsehood designed only to defeat the Plaintiff's rights under the Agreement; and the record is sufficient for me to shift fees with respect to this issue on an interlocutory basis, notwithstanding the fact that trial on the remaining issues in the case is scheduled for August 10, 2015 through August 14, 2015.

The Defendants, for their part, deny that David's deposition testimony or the litigation positions that they espoused were done in subjective bad faith or embodied conscious and deliberate lies. They point out that inconstant testimony alone does not necessarily demonstrate bad faith on the part of either witness, much less prove bad faith on David's part

It seems prudent to me to defer decision on the shifting of fees until the conclusion of this matter. I note that that conclusion is fast approaching, that I will have a better feel for the credibility of the individuals involved after seeing their

---

[1] I use first names to designate members of the Horsey family to avoid confusion; no disrespect is intended.

3

testimony, and that if defenses here are truly and demonstrably being asserted in bad faith, the appropriate sanction may go beyond that sought here. For those reasons, both efficiency and justice suggest that my decision on Plaintiff's motion be reserved to be resolved post-trial.[2] The Plaintiff points out that it would be useful for him to have these resources in hand, assuming they are going to be awarded, for use in pursuit of this litigation. Even considering that interest, for the reasons stated above, I find it appropriate to reserve decision pending trial. To the extent that the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[2] I note that in my ruling on April 23, 2015, I directed briefing on this Motion to be completed in advance of the trial, after having moved the trial date from June to August in favor of briefing on case dispositive motions, noting that in light of that continuance, which the Plaintiff opposed, it was appropriate to consider shifting fees on an interim basis. On review of that briefing, however, it appears to me most prudent to address this matter as provided above.

4